# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS JAMES MAYER,  Plaintiff | ) ) ) | C.A. No. 17-162 Erie |
| v. | ) ) ) | Magistrate Judge Baxter |
| ROBERTA LOUISE MAYER,  Defendant. | ) ) | |

## MEMORANDUM OPINION

United States Magistrate Judge Susan Paradise Baxter

### I. INTRODUCTION

#### A. Relevant Procedural and Factual History

On June 21, 2017, Plaintiff Dennis James Mayer filed this *pro se* action, ostensibly pursuant to 42 U.S.C. § 1983, against Defendant Roberta Louise Mayer. Plaintiff claims that, on or about November 1, 2013, Defendant, Plaintiff's wife, allegedly received a lump sum payment of $ 7,400.00 from the Social Security Administration on Plaintiff's behalf, while Plaintiff was incarcerated, and she "spent it all." Plaintiff has initiated this action to obtain reimbursement from Defendant. (ECF No. 5, Complaint, at Section IV.C). Plaintiff's complaint in this case was accompanied by a motion to proceed *in forma pauperis* [ECF No. 1], which was granted by this Court on July 20, 2017. [ECF No. 4].

#### B. Standards of Review

##### 1. Proceedings *in forma pauperis* under 28 U.S.C. § 1915

28 U.S.C. §1915(e)(2), as amended, states in relevant part: "[t]he court shall dismiss the

case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman, 904 F.2d 192 at 195-96.

### 2. *Pro Se* **Pleadings**

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a

deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### C. Discussion

Here, it is apparent that Plaintiff's claim that Defendant essentially converted Plaintiff's Social Security payment to her own use does not rise to the level of a constitutional violation, nor does it otherwise state a claim over which this Court has appropriate jurisdiction. Moreover, Defendant is not a state actor against whom a claim under 42 U.S.C. § 1983 may be properly asserted. As a result, Plaintiff's claim will be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(1).

An appropriate Order follows.

                                                  /s/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  United States Magistrate Judge

Date:   August 8, 2017